IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **MINERVA BENITO DEL ANGEL,** | § |
| | § |
|     **Plaintiff,** | § |
| | § |
| v. | § CIVIL ACTION NO. 1:19-cv-228 |
| | § |
| **SAN BENITO TEXTILE, INC.,** | § |
| **DOLORES SANCHEZ,** | § |
| **and JENNIFER SANCHEZ,** | § |
| | § |
| | § |
|     **Defendants.** | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

    Minerva Benito Del Angel, Plaintiff, complains of and against San Benito Textile, Inc., Dolores Sanchez, and Jennifer Sanchez, Defendants, and for cause of action shows:

### I.    INTRODUCTION

    1.    This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. This action is brought by a worker who was employed by Defendants at San Benito Textile, Inc. & Thrift Store located at 201 N. Travis Street, San Benito, Texas 78586. Defendants failed to pay Plaintiff at least the federally mandated minimum wage for each hour she worked in a workweek. Defendants also failed to pay Plaintiff the required overtime pay for all hours worked in excess of forty during each workweek. Accordingly, Plaintiff seeks unpaid minimum wage and overtime compensation, liquidated damages, costs of court, and attorney's fees pursuant to 29 U.S.C. § 216(b), or in the alternative the Texas Minimum Wage Act, Tex. Labor Code § 62.001 *et seq*.

## II.      JURISDICTION AND VENUE

2. Plaintiff brings this case to recover unpaid minimum wage and overtime compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to the following:

    a. 28 U.S.C. § 1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce); and

    c. 29 U.S.C. § 216(b) (FLSA).

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b) because Defendants' principal places of business are in Cameron County, Texas, and all or a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in Cameron County, Texas.

## III.      THE PARTIES

5. Plaintiff Minerva Benito Del Angel is an individual who worked for Defendants in Cameron County, Texas, and resides in Cameron County, Texas.

6. Defendant San Benito Textile, Inc. ("San Benito Textile") is a for-profit corporation organized under the laws of Texas and doing business in San Benito, Texas, and may be served with process by serving its registered agent, Carlos Sanchez, at 201 N. Travis Street, San Benito, Texas 78586.

7. Defendant Jennifer Sanchez is an individual residing in Cameron County, Texas. She is a Vice President and Director of San Benito Textile, Inc. and may be served with process by serving at her place of business, at 201 N. Travis Street, San Benito, Texas 78586.

8. Defendant Dolores Sanchez is an individual residing in Cameron County, Texas. She may be served with process by serving at her place of business, at 201 N. Travis Street, San Benito, Texas 78586.

## IV. FACTUAL ALLEGATIONS

### FLSA COVERAGE AND EMPLOYEE AND EMPLOYER STATUS

9. Defendants collectively operate a business known as San Benito Textiles & Thrift Store, located at 201 N. Travis Street, San Benito, Texas 78586.

10. Defendants' business is primarily engaged in manufacturing wiping rags, shop towels, bar mops, and huck towels out of reclaimed fabrics, as well as packaging them for wholesale and retail sale in domestic and international commerce.

11. Defendants' business also consists of operating a thrift store adjacent to their factory space.

12. Plaintiff worked for Defendants from about 2012 to August 2019.

13. At all relevant times, Plaintiff was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

14. Plaintiff's job duties consisted of cutting used textiles into rags and other related activities.

15. Plaintiff was supervised by and received instructions from managers on a daily basis.

16. At all relevant times, Plaintiff was employed in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. Defendants' business is, and has been for all times relevant to this action, an enterprise that has, at any given time, employed more than two employees who handle and work with goods that have been moved in or produced for commerce.

    a. Throughout her employment with Defendants, Plaintiff handled and worked on goods or materials that had been moved in or produced for commerce, including, but not limited to, scissors, scales, and used textiles.

    b. Defendants intended or expected that the rags Plaintiff produced would move in interstate commerce.

18. Defendants' business is an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

19. At all times relevant to this action, Plaintiff was an individual engaged in the production of goods for interstate commerce within the meaning of Sections 3(j) and 7(a)(1) of the FLSA, 29 U.S.C. §§ 203(j) and 207(a)(1), in that she was employed in producing, handling, and/or working on products (including, e.g., reclaimed wiping rags) that went on to travel in interstate commerce.

20. At all times relevant to this action and as a matter of economic reality, each Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). During the relevant time period, each Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

21. San Benito Textile was an "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6). At all times relevant to this action, San Benito Textile acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. Facts demonstrating that San Benito Textile was Plaintiff's employer include, but are not limited to, the following:

   a. San Benito Textile possessed the authority to hire and fire Plaintiff.

   b. Plaintiff received daily instruction from San Benito Textile through its agents on how to perform her job duties.

   c. Plaintiff was paid by checks naming and drawn on the bank account of San Benito Textile.

   d. San Benito Textile, through its agents, possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and discipline.

22. Dolores Sanchez was an "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6). At all times relevant to this action, Dolores Sanchez acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. Facts demonstrating that Dolores Sanchez was her employer include, but are not limited to, the following:

   a. Dolores Sanchez had managerial responsibilities and substantial control over the terms and conditions of Plaintiff's work for San Benito Textile.

   b. Plaintiff received instruction from Dolores Sanchez on how to perform her work.

   c. Dolores Sanchez had the authority to hire and fire workers, including Plaintiff.

    d. Dolores Sanchez possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and discipline.

    e. Dolores Sanchez executed and maintained Plaintiff's employment records, including, e.g., signing a form authorizing deductions from Plaintiff's pay as a representative of San Benito Textile.

23. Jennifer Sanchez was an "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6). At all times relevant to this action, Jennifer Sanchez acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. Facts demonstrating that Jennifer Sanchez was her employer include, but are not limited to, the following:

    a. Jennifer Sanchez is a Director and Vice President of corporate Defendant San Benito Textile, Inc.

    b. Jennifer Sanchez had managerial responsibilities and substantial control over the terms and conditions of Plaintiff's work for San Benito Textile.

    c. Plaintiff received instruction from Jennifer Sanchez about how to perform her work.

    d. Jennifer Sanchez had the authority to hire and fire workers, including Plaintiff.

    e. Jennifer Sanchez possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and discipline.

    f. Jennifer Sanchez executed and maintained Plaintiff's employment records, including signing weekly forms containing a summary of alleged hours worked by Plaintiff and the compensation received by her.

## WAGE AND HOUR VIOLATIONS

24. Throughout her employment by Defendants, Plaintiff regularly worked in excess of 40 hours per workweek.

25. Defendants failed to pay Plaintiff the federal and state minimum wage for the first 40 hours worked per workweek and failed to pay overtime for all of the hours worked over 40 in a workweek.

26. Plaintiff's regularly scheduled hours were approximately Monday through Friday, 8:00 AM until 4:30 PM, totaling 42.5 hours per workweek. Plaintiff generally worked these regularly scheduled hours, so Plaintiff regularly worked more than 40 hours per workweek without being paid overtime.

27. Plaintiff's earnings were calculated according to a piece-rate method. Under the piece-rate method, Plaintiff earned less than $7.25 per hour, and less than one and one-half times her regular rate of pay for hours worked over 40 in each workweek.

28. Plaintiff's paystubs show an hourly wage rate of $7.25 per hour. Plaintiff's paystubs do not reflect all of the hours Plaintiff worked.

29. Defendants issued paystubs to Plaintiff that showed an incorrect, artificially low number of hours worked and a false pay rate of $7.25 per hour.

30. Defendants intentionally underreported Plaintiff's hours worked on the weekly forms containing a summary of alleged hours worked by Plaintiff and the compensation received by her. Plaintiff was required to sign these forms on a weekly basis in order to receive her pay.

31. At all times relevant to this action, Defendants failed to maintain complete and accurate records of Plaintiff's hours of work and compensation as required by the FLSA.

32. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the required overtime and minimum wage compensation due to Plaintiff.

33. All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly or through their agents.

## V.   CLAIMS FOR RELIEF

### FAIR LABOR STANDARDS ACT – MINIMUM WAGE

34. The above-described actions of Defendants violated Plaintiff's right to minimum wage pay under the FLSA. Plaintiff is entitled to recover her unpaid minimum wages, an equal amount in liquidated damages, attorney's fees, and costs of this suit, pursuant to 29 U.S.C. § 216(b).

35. Plaintiff attaches hereto her consent to sue. *See* Exhibit A.

### FAIR LABOR STANDARDS ACT – OVERTIME

36. The above-described actions of Defendants violated Plaintiff's right to overtime pay under the FLSA. Plaintiff is entitled to recover her unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of this suit, pursuant to 29 U.S.C. § 216(b).

### TEXAS MINIMUM WAGE ACT

37. The above-described actions of Defendants violated Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to recover minimum wage for hours worked, an equal amount in liquidated damages, attorneys' fees, and costs of this suit, pursuant to Tex. Labor Code §§ 62.201, 62.205.

38. Plaintiff attaches hereto her verification of this Original Complaint. *See* Exhibit B.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Declare that Defendants, by their acts and omissions described above, violated Plaintiff's rights under the FLSA;

b. Award Plaintiff her unpaid minimum wages, plus an equal amount in liquidated damages, for Defendants' violation of the FLSA minimum-wage provisions, 29 U.S.C. § 206; or, in the alternative, the Texas Minimum Wage Act;

c. Award Plaintiff her unpaid overtime wages, plus an equal amount in liquidated damages, for Defendants' violation of the FLSA overtime provisions, 29 U.S.C. § 207;

d. Award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 216(b); or in the alternative Tex. Labor Code § 62.205;

e. Award Plaintiff the costs of this action;

f. Award Plaintiff post-judgment interest; and

g. Grant such other relief as this Court deems just and proper.

Dated:  December 20, 2019.                          Respectfully submitted,

EQUAL JUSTICE CENTER
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222
Fax (210) 308-6223
www.equaljusticecenter.org

By:  /s/ Colleen Mulholland
Colleen Mulholland
Attorney-In-Charge
Texas State Bar No. 24091765
S.D. TX Bar No. 3151271
8301 Broadway Street, Ste. 309

        San Antonio, Texas 78209
        Tel (210) 308-6222, ext. 101
        cmulholland@equaljusticecenter.org

        Anna Bocchini
        Texas State Bar No. 24057410
        S.D. TX Bar No. 3145999
        510 S. Congress Ave., Ste. 206
        Austin, Texas 78704
        Tel (512) 474-0007, ext. 105
        abocchini@equaljusticecenter.org

        COUNSEL FOR PLAINTIFF